**In re Walter G. JUSTUS, Debtor.**

**Louis L. DARKO, Plaintiff,**

v.

**Meridith SHOTTS, Defendant.**

**Bankruptcy No. IP86–1163 V. Adv. No. 88–74.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

April 28, 1989.

Leonard Opperman, Michael Trentadue, Bose McKinney & Evans, Indianapolis, Ind., for defendant Shotts.

James E. Carlberg, William J. Tucker, Klineman Rose Wolf & Wallack, Indianapolis, Ind., for trustee.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTIONS TO STRIKE

RICHARD W. VANDIVIER,
Bankruptcy Judge.

This matter comes before the Court on the Motion for Summary Judgment filed on August 9, 1988, by the Trustee, and on the motions to strike described further below. A hearing was held on September 29, 1988. The Court now makes its finding of facts and conclusions of law.

### Findings of Fact

1. The Debtor filed for relief in bankruptcy on February 27, 1986. On March 4, 1986, the plaintiff was appointed Trustee of the Debtor's estate, and on March 3, 1988, initiated this adversary proceeding by filing a complaint seeking to avoid an alleged preferential transfer by the Debtor to the defendant, Meridith Shotts ("Shotts"). In the complaint, the Trustee alleges that within 90 days prior to bankruptcy, the Debtor transferred to Shotts $12,500.00 on account of an antecedent debt owed by the Debtor to Shotts, which allegations Shotts admits.

2. Shotts' defense against this preference action is his assertion that the transfer in question was made in the ordinary course of the Debtor's business and is excepted from avoidance. In an affidavit, Shotts states that he served as Secretary-Treasurer of several of the Debtor's companies for the past 21 years, that during that time, it was Shotts' practice to maintain personal cash in the company safe, that the Debtor would from time to time borrow sums from Shotts, that Shotts would, at his discretion, cause repayment to be made from the Debtor's personal checking account which Shotts maintained using a facsimile signature, and that Shotts would regularly cause these loans to be repaid within a short time, depending solely on personal time constraints, normally within one week to four or five weeks. Shotts contends that the transfer in question was made according to this established practice and was thus made in the ordinary course of the Debtor's business.

3. At the hearing on September 29, 1988, the Trustee moved to strike the affidavit as insufficient to support Shotts' purported defense, and Shotts moved to strike the motion for summary judgment as not conforming to Local Bankruptcy Rule B–11.

### Conclusions of Law

1. The Court has jurisdiction over this matter. 28 U.S.C. section 157(b)(2)(F).

2. Under Local Bankruptcy Rule B–11, a party moving for summary judgment is to file and serve with the motion a statement of material facts as to which the moving party contends there is no genuine issue, proposed conclusions of law and a proposed summary judgment. The Court finds that the proposed findings of fact, conclusions of law and judgment entry submitted by the Trustee conform substantially to the requirements of the local rule. Shotts' motion to strike is therefore denied.

3. A trustee may avoid any transfer of an interest of a debtor in property to a creditor, on account of an antecedent debt, made while the debtor was insolvent, on or within 90 days of the filing of the bank-

ruptcy petition, that enables the creditor to receive more than he would receive if the case were one under chapter 7, the creditor had not received the payment, and the creditor received payment on the debt to the extent provided by the provisions of the Bankruptcy Code. 11 U.S.C. section 547(b). A debtor is presumed to be insolvent during the 90 days immediately preceding the date of the filing of the petition. 11 U.S.C. section 547(f). There was some suggestion at the hearing that Shotts may not have received more than he would have if he received distribution on the debt under Chapter 7, but Shotts failed to contest this issue in his response to the motion for summary judgment, as required by Local Bankruptcy Rule B–11. The Court finds therefore that there is no genuine issue of material fact on these issues and that, unless Shotts establishes a defense, the transfer in question is avoidable under 11 U.S.C. section 547(b).

4. A trustee may not avoid a transfer under 11 U.S.C. section 547(b) to the extent that such transfer was (A) made in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, (B) made in the ordinary course of business or financial affairs of the debtor and the transferee, and (C) made according to ordinary business terms. 11 U.S.C. section 547(c)(2). Shotts attempts to set up this defense by his affidavit, and for purposes of evaluating the legal sufficiency of his defense, the Court will take the assertions in his affidavit to be true.

5. The purpose of the 11 U.S.C. section 547(c)(2) defense to avoidance is to leave undisturbed normal financial arrangements which do not detract from the general policy of the preference section to discourage unusual action by either the debtor or the creditor during the debtor's slide into bankruptcy. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 373 (1977); S.Rep. No. 95–989. 95th Cong., 2d Sess. 88 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5874, 6329, *reprinted in* Norton's Bankruptcy Code, 1988–89 edition. The defense contemplates normal credit transactions such as the sale of goods from a business supplier on account or the payment of monthly utility bills. *See id.; Kallen v. Litas,* 47 B.R. 977, 984 (N.D.Ill.1985); *In re Evans Temple Church of God in Christ and Community Center, Inc.,* 55 B.R. 976, 984 (Bankr.N.D.Ohio 1986).

6. According to the affidavit, the Debtor's borrowing from Shotts' personal funds and Shotts' repayment through checks written on the Debtor's personal checking account were part of the ordinary course of business and financial affairs of the Debtor and Shotts. Accepting these assertions as true for the purpose of this motion, the first two elements of the section 547(c)(2) defense are satisfied. The legal issue is whether, as a matter of law, the transfer was made according to ordinary business terms, as required by the third element of the defense.

7. This loan and repayment may have been part of the "ordinary" business or financial dealings between the Debtor and Shotts, but such dealings are not the type of business or financial relationships contemplated by section 547(c)(2), such as between a supplier and a buyer or a utility company and a customer. The terms of repayment, i.e. at Shotts' discretion, depending solely on personal time constraints, are not the terms found in ordinary debtor/creditor relationships. The purpose of the section 547(c)(2) defense, to leave undisturbed certain transactions that do not present much danger of unusual prepetition action by the debtor or creditor, would not be served in this case. According to his affidavit, Shotts was Secretary–Treasurer of several of the Debtor's companies and maintained the Debtor's personal checking account using a facsimile signature. A creditor with such knowledge of and control over a debtor's business and personal finances would be in a position to take unusual action to the creditor's benefit during the debtor's slide into bankruptcy. Even if Shotts were not motivated by the Debtor's impending bankruptcy when he effectuated the transfer in question, the relationship between Shotts and the Debtor and the terms of repayment present the opportunity for precisely the type of un-

usual prepetition activity that preference recovery is aimed at. The Court concludes that the transfer in question was not, as a matter of law, made according to ordinary business terms within the meaning of 11 U.S.C. section 547(c)(2)(C).

8. Shotts' attempted defense under section 547(c)(2) is legally insufficient. The transfer in question is an avoidable preference under section 547(b).

9. The Trustee is entitled to summary judgment because there is no genuine issue of material fact and the Trustee is entitled to judgment as a matter of law. Bankruptcy Rule 7056.

10. The Trustee is entitled to interest from the date of the complaint. *See In re Fulghum Construction Corp.*, 78 B.R. 146, 153 (M.D.Tenn.1987).

11. Because the Court concludes that Shotts' asserted defense is legally insufficient even considering Shotts' affidavit, the Trustee's motion to strike the affidavit is moot and is therefore denied.

The Court therefore DENIES both motions to strike and GRANTS the Trustee's motion for summary judgment. Judgment will be entered separately.